CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 03 2013

JULIA C. DUDLEY, CLERK
BY:
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| TIFFANY L. DOVE, | ) |
| | ) Civil Action No. 3:13CV0003 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) By:   Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to establish entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Tiffany L. Dove, was born on July 20, 1976, and eventually completed her high school education. Mrs. Dove has worked as procurement technician, kitchen helper, driver, day care worker, and custodian. She last worked on a regular and sustained basis in 2006. On January 25, 2008, plaintiff filed applications for disability insurance benefits and supplemental security income benefits. In filing her claims, Mrs. Dove alleged that she became disabled for all forms of substantial gainful employment on July 1, 2006, due to syncope, severe gluten allergy, right shoulder displacement, Ehlers-

Danlos syndrome[1], left knee issues, allergies, depression, asthma, and a heart murmur. Mrs. Dove now maintains that she has remained disabled to the present time. As to her claim for disability insurance benefits, the record reveals that plaintiff met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See generally 42 U.S.C. §§ 416(i) and 423(a).

Mrs. Dove's applications were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated January 28, 2010, the Law Judge also determined that Mrs. Dove is not disabled. The Law Judge found that plaintiff suffers from several severe impairments, including syncope, severe gluten allergy, right shoulder displacement, Ehlers-Danlos Syndrome, and asthma. Because of these impairments, the Law Judge ruled that Mrs. Dove experiences a residual functional capacity for less than a full range of light work. The Law Judge assessed plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less than a full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). Specifically, she is limited in that she will need the option to sit or stand during the workday; that she should never climb ropes and scaffolds; that she should only occasionally partake in postural activities; and that she should avoid concentrated exposures to hazards such as machinery or heights.

(TR 28). Given such a residual functional capacity, and after considering testimony from a vocational expert, the Law Judge ruled that Mrs. Dove retains sufficient functional capacity to perform past relevant work as a procurement clerk and cashier. Accordingly, the Law Judge ultimately concluded that plaintiff is not disabled, and that she is not entitled to benefits under either federal program. See 20 C.F.R. §§ 404.1520(f) and 416.920(f). The Law Judge's opinion was adopted as the final decision of the

---

[1] Ehlers-Danlos Syndrome is described as a group of inherited disorders of the connective tissue, . . . varying in severity from mild to lethal, and transmitted genetically. The major manifestations include hyperextensible skin and joints, easy bruisability, friability of tissues with bleeding and poor wound healing, calcified subcutaneous spheroids, and pseudotumors. Variably present in some types are cardiovascular/gastrointestinal, orthopedic, and ocular defects. Dorland's Illustrated Medical Dictionary 1816 (30th ed. 2003).

Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Dove has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. In recent years, Mrs. Dove has received treatment for a variety of physical and emotional problems. As found by the Law Judge, she has been evaluated for symptoms of syncope, severe gluten allergy, right shoulder displacement, Ehlers-Danlos Syndrome, and asthma. The medical record also reveals that she has been diagnosed with symptoms of bipolar disorder and depression. For a period of time, she suffered from hand tremors. More recently, plaintiff has complained of severe pain in her back and multiple joints. Several doctors have suggested the possibility that Mrs. Dove suffers from fibromyalgia, though more recent evaluations attribute her musculoskeletal complaints to her connective tissue disorder. However, despite plaintiff's many problems, no doctor has suggested that Mrs. Dove is totally and permanently disabled. In January of 2008, a treating physician suggested that plaintiff would be disabled for 60 to 90 days based on her syncope and severe depression. Since that time, most of the doctors who have provided treatment in

plaintiff's case have suggested that her symptoms could be expected to improve through conservative treatment measures. The doctors who treated plaintiff for syncope could not detect any cause for the condition. Cardiovascular evaluations, including a cardiac event monitor, were considered normal. Plaintiff's gluten allergy, asthma, and depressive symptoms have remained relatively well controlled, as long as Mrs. Dove conforms to her treatment regimen. In short, the court believes that the Administrative Law Judge properly determined that most of plaintiff's conditions are not so severe or intractable as would prevent performance of lighter levels of work activity.

Plaintiff's Ehlers-Danlos Syndrome, and her related musculoskeletal problems, present a somewhat closer question. The medical record reveals that plaintiff has suffered from joint problems for most of her life. These difficulties have become more severe in recent years. Mrs. Dove has experienced significant problems with her knees, especially on the left, her back, and her shoulders. In August of 2009, Mrs. Dove underwent surgery to correct multidirectional instability in her right shoulder, which her doctors deemed to be associated with the underlying Ehlers-Danlos Syndrome. While plaintiff was incapacitated for a period of time both before and after her surgery, her doctors considered the procedure to have been successful in relieving the instability. Although she continues to experience some mechanical defects in her spine, her doctors have recommended exercise, especially swimming, as a means to relieve her symptoms.

Having reviewed all of the medical reports, the court believes that the record supports the Law Judge's determination that plaintiff's treating physicians do not consider her musculoskeletal problems to be so severe as to prevent all forms of work activity. The court finds substantial evidence to support the Law Judge's determination that Mrs. Dove retains sufficient functional capacity to engage in lighter forms of work activity in which she is not required to use her shoulders excessively, or to regularly

partake in postural activities, and in which she is permitted to sit or stand at will. Based on the vocational expert's testimony, the court agrees that the evidence supports the decision that Mrs. Dove retains sufficient functional capacity to return to work activity as a procurement technician or cashier.

On appeal to this court, plaintiff makes several cogent arguments in support of her assertion that the Law Judge failed to adequately consider all the evidence in her case. In terms of the opinion evidence, Mrs. Dove notes that a treating physician found that she was disabled to work for a period of time in a report dated January 8, 2008. (TR 334). However, as set forth above, the court believes that this report is not especially helpful to the plaintiff's case, inasmuch as the doctor considered plaintiff to be incapacitated for no more than 60 to 90 days. Once again, the court finds that no doctor has suggested that Mrs. Dove has been disabled for such a period of time as would satisfy the durational requirements of the Social Security Act, 42 U.S.C. § 423(a).

Mrs. Dove also argues that the Administrative Law Judge placed undue weight on reports from state agency physicians in finding a residual functional capacity for lighter forms of work. The court agrees with plaintiff's observation that the state agency physicians rendered their reports well before many of the important medical developments in plaintiff's case, especially the failed treatment for her unstable right shoulder and the eventual need for surgical repair of that shoulder. However, the simple fact remains that the physicians at the University of Virginia Medical Center who have treated plaintiff's musculoskeletal problems have deemed these difficulties to be amenable to reasonable treatment. Based on the evidence now of record, it appears that the surgical intervention to correct plaintiff's shoulder problems was successful. No doctor has suggested that plaintiff's problems are so severe as to render her permanently disabled for all forms of work. Thus, while the reports are somewhat outdated, the court

finds that the state agency physicians' evaluations are valuable in that they offer an evaluation of plaintiff's <u>combination</u> of impairments.

Plaintiff also asserts that the Administrative Law Judge failed to pose a fair and comprehensive hypothetical question to the vocational expert. The court agrees that the original hypothetical question presented to the vocational expert did not include all of the limitations found to exist by the Law Judge. At the administrative hearing, the Law Judge posed the following hypothetical question for the expert's consideration:

> Q: Please presume we have a hypothetical person, the same age, education, work history as Mrs. Dove. And that person's limited as indicated by the DDS physicians. And they indicated that person would be restricted because of her impairments to only occasional[ly] lift and carrying 20 pounds. Could frequently lift and carry 10 pounds. Stand and/or walk with normal breaks for a total of about six hours in an eight-hour work day. Sit with normal breaks for a total of about six hours in an eight- hour work day. May occasionally use ramps and climb stairs and ladders, but she should never climb ropes or scaffolds. She may only occasionally balance, stoop, kneel, crouch, and crawl. Each of those only on an occasional basis. And she has to avoid concentrated exposure to hazards, such as machinery and heights. And with those type of restrictions, are there any jobs such a person could do, as she's already done in the past?

(TR 59). In response to the Law Judge's question, the vocational expert indicated that such limitations would not prevent performance of work as a procurement specialist or clerk. (TR 60). Notably absent from the hypothetical question is the requirement that Mrs. Dove be allowed a sit/stand option, as ultimately found by the Law Judge in assessing plaintiff's residual functional capacity. However, upon cross-examination by plaintiff's counsel, the vocational expert indicated that the job of procurement clerk would allow for the possibility of "alternate sitting and standing." (TR 63). The court believes that the vocational expert's testimony supports the Law Judge's finding that Mrs. Dove retains sufficient functional capacity to return to certain of her past work roles.

Finally, plaintiff maintains that the Administrative Law Judge did not consider her pain and subjective discomfort in assessing her capacity to return to her past work. While the court agrees that the record in this regard is in sharp conflict, the court finds that there is evidence to support the Law Judge's determination that plaintiff's testimony is not totally consistent with the medical record in her case. As suggested above, and as outlined in the state agency physicians' reports, no doctor has identified the existence of a medical condition which could be expected to produce a totally disabling level of pain. Moreover, the court notes that during her course of treatment at the University of Virginia Medical Center, Mrs. Dove did not present with disabling symptoms. For example, a few months prior to the surgical repair of her right shoulder, plaintiff presented on April 3, 2009 with the following history:

> Ms. Tiffany Dove is a pleasant 32-year-old female last seen in our clinic on February 27, 2009 for peri-incisional right abdominal pain that had great relief from her trigger point injection. The patient states her pain currently is 1/10. Of note, the patient did have nausea and vomiting after her injection. She states that she would like to hold off on any further injections today as her pain is well controlled and the patient [sic] such adverse reactions after the first injection. The patient of note did start Neurontin for her restless leg syndrome. This may also be helping with her incisional pain.

(TR 586). On October 22, 2007, Mrs. Dove sought treatment at the Fauquier Hospital for swelling of her left lower eyelid. On that occasion, except for the swelling, she voiced no acute complaints. (TR 647). In short, despite plaintiff's testimony at the administrative hearing as to the existence of severe and disabling pain and discomfort, she has not voiced the same complaints to her doctors. In such circumstances, the court must conclude that there is substantial evidence to support the Law Judge's resolution of the credibility issues.

In summary, the court finds substantial evidence to support the Law Judge's determination that Mrs. Dove did not become disabled at any time on or before the date of the Law Judge's opinion. It follows that the final decision of the Commissioner must be affirmed. In affirming the Commissioner's

7

final decision, the court does not suggest that Mrs. Dove is free of all pain, discomfort, weakness, and fatigue. Indeed, the medical record confirms that she suffers from a serious condition which can be expected to result in definite physical symptoms. However, it must again be noted that no doctor has suggested that plaintiff's condition has progressed to such an extent as to render her totally and permanently disabled for all forms of work. It must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). Once again, it appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claims for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

In passing, the court notes that certain of Mrs. Dove's problems, especially her Ehlers-Danlos Syndrome, are often progressive in impact. Plaintiff may wish to consider filing new claims for benefits if she has experienced further deterioration in her condition.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 3rd day of October, 2013.

*/s/ Glen Conrad*
Chief United States District Judge

8